IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

GREAT AMERICAN INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

v.

SHABANA AMER, individually,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, GREAT AMERICAN INSURANCE COMPANY, hereby sues the Defendant, SHABANA AMER, and states as follows:

### I. JURISDICTION AND VENUE

1. This is an action for monetary relief in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, fees and costs, as well as for equitable relief, and this Court otherwise has jurisdiction over the subject matter hereof.

2. Subject matter jurisdiction is based on 28 U.S.C. §1332(a)(1), diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds the jurisdictional limits of this Court.

3. Plaintiff, GREAT AMERICAN INSURANCE COMPANY ("GAIC"), is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cincinnati, Hamilton County, Ohio. GAIC is a citizen of the State of Ohio.

CASE NO.: _____

4. Defendant, SHABANA AMER ("AMER"), is an individual who resides in Miramar, Broward County, Florida and who is otherwise *sui juris*. AMER is a citizen of the State of Florida.

5. Venue is proper in this Court as a substantial part of the events or omissions giving rise to GAIC's claim occurred in this District and the individual Defendant resides in this jurisdiction.

6. All conditions precedent to the filing of the instant action have occurred or have otherwise been waived.

## II. GENERAL ALLEGATIONS

7. Structured Cabling Solutions, Inc. d/b/a SCS Technologies, Inc. ("SCS"), as subcontractor, entered into a written subcontract (the "*Subcontract*") with Johnson Controls, Inc. ("JCI"), as general contractor, on the project commonly known as the "MUSC Shawn Jenkins Children's Hospital Charleston, SC" (the "Project").

8. In connection with the *Subcontract*, GAIC issued a separate *Subcontract Performance Bond* and *Subcontract Payment Bond*, each bearing bond no. 9826603 (collectively, the "*Bonds*") on behalf of SCS, as principal, with JCI, as obligee. Copies of the *Bonds* are attached hereto and made a part hereof as **Exhibit "A"**.

9. On or about September 14, 2015, and as a condition of inducing GAIC to issue the *Bonds* on behalf of SCS, Syed A. Shah and AMER, jointly and severally executed an *Agreement of Indemnity* (the "*Indemnity Agreement*") in favor of GAIC[1]. A true and correct copy of the *Indemnity Agreement* is attached hereto and made a part hereof as **Exhibit "B"**.

---

[1] Although a party to the *Indemnity Agreement*, GAIC does not seek to assert any claims against Structured Cabling Solutions, Inc. and/or Syed A. Shah, both of whom are/may be subject to certain protections of the United States Bankruptcy Court.

CASE NO.: _____

10. Pursuant to the Second Article of the *Indemnity Agreement*, AMER promised to exonerate, indemnify and hold GAIC harmless from and against any and all losses, costs and expenses associated with GAIC's issuance of the *Bonds*:

> The Undersigned, jointly and severally, **shall exonerate, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature** (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned; (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement…. (Emphasis added)

11. Pursuant to the Fourteenth Article of the *Indemnity Agreement*, AMER agreed that GAIC shall have the exclusive right to settle any claims made against the *Bonds*, and that AMER would remain liable to GAIC for any losses incurred in connection with the resolution of such claims, as well as accrued interest thereupon:

> The Surety shall have the **right to adjust, settle or compromise any claim**, demand, suit, arbitration proceeding or judgment upon the Bonds. **The liability of the Undersigned to the Surety under this Agreement shall extend to and include all amounts paid by the Surety under the belief that: (1) the Surety was or might be liable therefor; or (2) such payments were necessary or advisable to protect any of the Surety's rights or to avoid or lessen Surety's liability or alleged liability**. Further, the liability of the Undersigned to the Surety under this Agreement shall **include interest from the date of Surety's payment at the maximum rate permitted** in the jurisdiction in which this Agreement is enforced, or is enforceable…. (Emphasis added)

12. Claims were made against the *Performance Bond* by JCI, as obligee. Following its good-faith investigation, GAIC deemed it appropriate and necessary to settle the claims of JCI in return for the payment to JCI in the amount of Nine Hundred Thousand and 00/100 Dollars ($900,000.00).

CASE NO.: _____

13. Claims were made against the *Payment Bond* by Communications Supply Corp. ("Communications Supply"), as a subcontractor to SCS. Following its good-faith investigation, GAIC deemed it appropriate and necessary to settle the claims of Communications Supply in return for the payments to Communications Supply in the total amount of Two Hundred Twenty-Three Thousand Three Hundred Four and 63/100 Dollars ($223,304.63).

14. As a result of the claims asserted against the *Bond*s, GAIC has adjusted, settled and/or compromised claims, demands, suits or judgments upon the *Bond*s as provided for under the *Indemnity Agreement* in the total amount of One Million One Hundred Twenty-Three Thousand Three Hundred Four and 63/100 Dollars ($1,123,304.63).

15. GAIC has and continues to incur loss adjustment expenses associated with its investigation, defense and/or handling of the claims under the *Bonds*, as well as in prosecution of the instant action, for all of which amounts AMER remains obligated to GAIC under the *Indemnity Agreement*. To date, GAIC has incurred loss adjustment expenses in the amount of One Hundred Sixty-Six Thousand Four Hundred Sixty-Seven and 87/100 Dollars ($166,467.78).

16. By correspondence dated August 8, 2019, GAIC made demand upon AMER to immediately satisfy her obligations under the *Indemnity Agreement*. A true and correct copy of the correspondence dated August 8, 2019 is attached hereto and made a part hereof as **Exhibit "C"**.

17. Despite such demand, AMER failed and continues to fail and/or refuse to fulfill her obligations to GAIC under the *Indemnity Agreement*.

18. GAIC has retained the services of the undersigned counsel to represent its interests in this matter and is required to pay a reasonable fee for such services.

19. Under the *Indemnity Agreement*, AMER agreed to be liable for, and agreed that GAIC is entitled to recover therefrom, any and all attorneys' fees and costs incurred in the prosecution of the instant action.

## COUNT I – <u>CONTRACTUAL INDEMNIFICATION</u>

20. GAIC re-alleges and re-avers the allegations of paragraphs 1 through 19 hereof, as if fully set forth herein.

21. This is an action for damages seeking relief at law under the *Indemnity Agreement*.

22. There exists a valid and fully enforceable contract between GAIC and AMER, the terms of which are memorialized in the *Indemnity Agreement*.

23. GAIC has fully performed all of its obligations under the *Indemnity Agreement*.

24. As a result of the claims against the *Bond*s, GAIC has made demand upon AMER under the *Indemnity Agreement* for the payment in satisfaction of the losses and/or expenses incurred and/or to be incurred by GAIC.

25. As a proximate result of AMER's breach of her obligations under the *Indemnity Agreement*, GAIC has and will continue to incur substantial financial damages, including but not limited to the expenditure of funds paid: (i) in investigation and resolution of the claims against the *Bond*s and/or (ii) in prosecution of the instant litigation.

WHEREFORE, GAIC respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against AMER, awarding GAIC its compensatory damages which have been and/or will be incurred as a result of AMER's breach of the *Indemnity Agreement*, interest on such amounts at the highest legally permissible rate, its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the *Indemnity Agreement*, and such other and further relief as this Court deems necessary, just and proper.

CASE NO.: _____

## COUNT II - <u>UNJUST ENRICHMENT</u>

26.     GAIC re-alleges and re-avers the allegations of paragraphs 1 through 19 hereof, as if fully set forth herein.

27.     This is an action for damages seeking relief at common law.

28.     GAIC has conferred a benefit upon AMER by issuing the *Bonds* and expending sums in connection with resolving the various claims against the *Bonds*.

29.     AMER voluntarily accepted and continues to accept and retain the benefits conferred upon them by GAIC.

30.     The circumstances are such that it would be inequitable for AMER to retain the benefit conferred upon her by GAIC without reimbursing GAIC for the value thereof.

WHEREFORE, GAIC respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against AMER, awarding GAIC its compensatory damages which have been and/or will be incurred as a result of the unjust enrichment of AMER, awarding GAIC its attorneys' fees and costs incurred in prosecution of the instant action, and awarding GAIC such other and further relief as this Court deems necessary, just and proper.

DATED <u>22nd</u> day of July 2021.

ETCHEVERRY HARRISON LLP
Attorneys for GAIC
150 South Pine Island Road, Suite 105
Ft. Lauderdale, FL 33324
Phone: (954) 370-1681
Fax: (954) 370-1682
etcheverry@etchlaw.com
jetcheverry@etchlaw.com
service@etchlaw.com

By:   */s/ Jeffrey S. Geller*
        Edward Etcheverry, Fla. Bar No.: 856517
        Jeffrey S. Geller, Fla. Bar No. 0063721